**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DIANA VICTORIA ROMAN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 26-00342-KD-B** |
| | * | |
| **CITY OF MOBILE, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

**ORDER**

This action is before the Court on review. Plaintiff Diana Victoria Roman, who is preceding *pro se*, initiated this action by filing a complaint against the City of Mobile, Alabama, the Mobile County Commission, the Mobile Police Department Chief of Police, and Mobile County Sheriff Paul Burch regarding her arrest at a local gas station on May 1, 2026. (Doc. 1 at 1). In addition to her initial complaint, Roman has filed, *inter alia*, two amended complaints, an application to proceed without prepayment of fees or costs, a motion for appointment of civil counsel, a motion for judicial recusal, a motion to substitute redacted copies, two motions for discovery, a motion for leave to communicate exclusively via electronic mail, a motion for summary judgment, a supplemental motion to motion for discovery, a motion for an expedited Rule 16 scheduling and settlement conference, and a brief in opposition to a motion to dismiss. (Docs. 2, 3, 4, 6, 8, 9, 11, 12, 13, 15, 16, 17, 18, 19). Roman's complaints and various

motions, with the exception of her motion for judicial recusal and disqualification pursuant to 28 U.S.C. § 455, and motion for summary judgment (Docs. 4, 16), have been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). The undersigned will address Roman's complaints and certain motions in turn.

## I. Motion to Proceed without Prepayment of Fees

A review of Roman's motions to proceed without prepayment of fees (Docs. 2, 8 at 2-4) reflects that the motions are not on the Court's required form for a motion to proceed without prepayment of fees. Additionally, while Roman lists several monthly financial expenses, she does not provide any information about how she is able to meet her listed financial obligations. Accordingly, the motions are **DENIED** and Roman is **ORDERED** to refile her motion to proceed without prepayment of fees on this Court's current form for a motion to proceed without prepayment of fees[1] no later than **November 23, 2026.** In completing her new motion, Roman must explain, under penalty of perjury, how she is meeting her monthly financial obligations and providing for her basic living needs. To the extent Roman is receiving food stamps, family assistance,

[1] This Court's form motion to proceed without prepayment of fees can be found at the following link: https://www.alsd.uscourts.gov/sites/alsd/files/forms/IFPMotion-localAO240.pdf.

or charitable contributions, she is to list the source of such assistance and the amount of assistance provided by each source in the last twelve months. In lieu of filing a new motion to proceed without prepayment of fees, Roman may pay the $405.00 filing fee by **November 23, 2026.** If Roman fails to timely file a new motion on the Court's form, or in lieu thereof, pay the filing fee, the undersigned will recommend that this case be dismissed for failure to obey an order of this Court.

## II. Complaints (Docs. 1, 6, 8)

### A. Summary

In her initial complaint filed on August 26, 2026, Roman named as Defendants the City of Mobile, Alabama, the Mobile County Commission, the Mobile Police Department Chief of Police, and Mobile County Sheriff Paul Burch. (Doc. 1 at 1). As noted *supra*, Roman's claims arise from an encounter in a local gas station on May 1, 2026, which lead to her arrest. According to Roman, she entered the store "for a routine retail consumer transaction while broadcasting live on Instagram." (Id.). Roman contends that following an unprovoked dispute with the cashiers, she was arrested and detained at the Mobile Metro Jail for 14 days. (Id. at 1-2). Roman further alleges that while in jail, she suffered physical injuries, that her prescription psychiatric medication was withheld from her, and that she attempted suicide as a result. (Id. at 2). Roman alleges violations under the Fourth, Eighth,

and Fourteenth Amendments. (Id.). Roman seeks $3,000,000 in compensatory damages, as well as "punitive damages against all individual defendants acting in bad faith." (Id.).

Roman filed an amended complaint on August 27, 2026, the day *after* filing her initial complaint. (Doc. 6). In her amended complaint, Roman names as Defendants the Mobile Police Department, the Mobile County Commission and Sheriff Paul Burch. (Id. at 1-2). Roman relays many of the same assertions and adds that she was arrested without probable cause, was subjected to an invasive, cross-gender full-body search despite an on-scene female officer standing idly by, and that at the jail, she was stripped of her clothes and forced to remain naked and fully exposed for three consecutive days without a safety or penological reason, she suffered a fall from the top-bunk but was denied treatment, and she was denied her daily prescribed psychiatric medication for Bipolar Type I for 14 days, which resulted in her attempting suicide inside the jail. (Id.). In Count I, Roman alleges a Fourth Amendment violation for false arrest and unlawful seizure against the City of Mobile. (Id. at 2). In Count II, Roman alleges a Fourth Amendment violation for an unreasonable intrusive cross-gender search. (Id.). In Count III, Roman alleges a Fourteenth Amendment violation for abusive conditions of confinement (i.e., "(3-Day Forced Nakedness)"), and Count IV alleges Eighth and Fourteenth Amendments violations for deliberate

indifference to serious medical needs, 14-day denial of medication, and retaliatory refusal to provide medical care. (Id. at 2).

Two days later, on August 28, 2026, Roman filed yet another amended complaint. (Doc. 8). In this complaint, Roman listed the basis for the Court's jurisdiction as "42 U.S.C. §§ 1981, 1983 and 1985(3)" and also cited 28 U.S.C. § 1331 and 1343. (Id. at 7). In addition to reasserting many of the allegations contained in her earlier complaints, Roman also alleges that the presiding state court judge and the district attorney conspired in her underlying criminal case to intentionally deprive her of her rights based on racial animus and out-of-state status. (Id.). According to Roman, although the underlying groundless criminal trespass charge was officially dismissed with prejudice, the presiding judge and the district attorney intentionally omitted and refused to read or execute the mandatory state administrative script or protocols required to trigger an immediate expungement of the record; thus, the arrest and detention remain on Roman's record. (Id. at 8).

**B. Discussion**

The undersigned observes, as a preliminary matter, that although the Federal Rules of Civil Procedure permit an amended complaint to be filed after the initial complaint "once as a matter of course," any subsequent amended complaint must be either consented to by the opposing parties or a party must be granted

permission by the Court to file an amended complaint. See Fed. R. Civ. P. 15(a)(1), (a)(2). Here, Roman did not seek leave of Court before filing her second amended complaint. Thus, the Court is empowered to strike it from the record. Fed. R. Civ. P. 12(f)(1); Rogers v. Hartford Life & Accident Ins. Co., 2012 U.S. Dist. LEXIS 87433, at *2 n.1, 2012 WL 2395194, at *1 n.1 (S.D. Ala. June 22, 2012) ("There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2).").

A complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). A plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate

transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).

Complaints that violate these rules are "disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015). The Court of Appeals for the Eleventh Circuit has identified four general types or categories of shotgun pleadings. See id. at 1321-23. These include complaints that do not separate each cause of action or claim for relief into a different count, and complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. A court faced with a shotgun pleading has the inherent authority to *sua sponte* demand repleader of such complaints. Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006).

Roman's complaints fail to meet the basic pleading requirements set forth above. Instead of short and plain statements alleging plausible claims of relief, Roman makes various conclusory allegations and fails to provide facts that identify what acts of misconduct each of the Defendants are alleged

to have engaged in. See Fed. R. Civ. P. 8(a)(2). Further, to the extent Roman is relying on exhibits attached to or referenced in her complaints, such reliance is improper because it violates Rule 8(a)(2)'s requirement that a plaintiff provide a "short and plain statement" of her claim and Rule 8(d)(1)'s directive that a complaint's allegations be "simple, concise, and direct." See Fed. R. Civ. P. 8(a)(2) & 8(d)(1). Neither the Court nor Defendants are "required to sift through [exhibits] to a complaint to discern whether a claim exists." Conde v. Truck Drivers & Helpers Loc. Union No. 728, 2017 U.S. Dist. LEXIS 190984, at *20, 2017 WL 5588932, at *6 (N.D. Ga. Oct. 25, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 190980, 2017 WL 5573024 (N.D. Ga. Nov. 20, 2017).

In reviewing Roman's various complaints, the undersigned recognizes that federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998); see also Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotation marks and citation omitted). A *pro se* litigant is still "subject to the

relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

In Roman's second amended complaint, she purportedly asserts claims under "42 U.S.C. §§ 1981, 1983 and 1985(3)" but it is not clear which claims she attempts to assert against each Defendant. In order to state a claim under § 1981, Roman must allege (1) intentional racial discrimination (2) that caused a contractual injury. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1270 (11th Cir. 2004); see also Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020). A contractual injury includes any injury relating to "the making, performance, modification, [or] termination of [the] contract[]," or to "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). While Roman references § 1981, it is not clear which Defendants her § 1981 claims are directed towards nor what actions each Defendant is alleged to have taken to violate her rights under 1981.

An action under 42 U.S.C. § 1983 "requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); see 42 U.S.C. § 1983. A plaintiff must show a causal

connection between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights in order to state a § 1983 claim. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam). Here again, it is not clear from Roman's various complaints which Defendants are alleged to have violated her rights under § 1983, her constitutional rights that are alleged to have been violated, and what acts each such Defendant is alleged to have taken or failed to have taken in violating Roman's constitutional rights.

Further, to state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) the defendant formed or joined a conspiracy; (2) the purpose of the conspiracy was to deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the law; (3) a conspirator committed an act to further the conspiracy; and (4) as a result of the conspiracy, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States. Jimenez v. WellStar Health Sys., 596 F.3d 1304, 1312 (11th Cir. 2010); Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627-28 (11th Cir. 1992). Aside from alleging that the presiding judge and the district attorney conspired against her, Roman's complaints do not include facts alleging that she has a protected status and that these Defendants sought to deny her equal protection of the laws. Mere "labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (internal quotation marks and alteration omitted).

Additionally, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." McCullough v. Finley, 907 F.3d 1324, 1331 (11th Cir. 2018); see also Stevens v. Osuna, 877 F.3d 1293, 1301 (11th Cir. 2017). Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (citing Scott v. Hayes, 719 F.2d 1562, 1565 (11th Cir. 1983)). The allegations in Roman's complaints involve actions allegedly taken by the presiding judge in his judicial capacity. As such, they are not sufficient to state a claim against the presiding

judge. Moreover, with respect to prosecutors, the Eleventh Circuit has emphasized that "[a] prosecutor is entitled to absolute immunity for 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Although prosecutorial immunity involves a fact specific inquiry, the allegations in Roman's complaints suggest actions taken in connection with prosecuting Roman's criminal case.

In sum, Roman's various complaints are deficient for the reasons set forth above. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Woldeab v. Dekalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). Although Roman has already filed three complaints in this case, the Court will provide her an opportunity to file a conforming fourth complaint, which will be referred to as the "third amended complaint." Accordingly, Roman is **GRANTED LEAVE** to file, on or before **November 23, 2026**, a third amended complaint that addresses and corrects the pleading deficiencies noted in this Order, to the extent Roman is able to do so. Roman must plead her claims with sufficient specificity to conform to Rules 8 and 10 of the Federal

Rules of Civil Procedure. This includes: (1) providing the specific factual grounds upon which each of her claims for relief or causes of action are based; and (2) specifying the conduct that each Defendant(s) is alleged to have engaged in with respect to each claim asserted against that Defendant. Roman's new complaint will become the operative pleading in this case; thus, she shall not reference nor seek to incorporate by reference her prior complaints.[2] Other than her "third amended complaint," Roman is to **REFRAIN** from filing any other complaints unless she has requested and been granted leave by the Court to do so.

Roman is hereby **cautioned** that if she does not file a third amended complaint within the ordered time, or if she files a third amended complaint that fails to address and correct the deficiencies that are described in this Order, the undersigned will recommend that this action be dismissed.

Roman is **advised** to review the materials available to *pro se* litigants at the following link provided by this Court: https://www.alsd.uscourts.gov/filing-without-attorney. She is encouraged to review this Court's Pro Se Litigant Handbook carefully and utilize it in drafting her third amended complaint in order to avoid the pleading deficiencies identified herein.

---

[2] Roman is free to review her prior complaints to aid her in drafting her third amended complaint; however, she shall not reference nor seek to incorporate by reference her prior complaints in her new complaint.

**III. Motion for Appointment of Counsel (Doc. 3)**

Pursuant to 28 U.S.C. § 1915(e)(1), a court has broad discretion to appoint counsel for an indigent plaintiff in a civil case only if exceptional circumstances exist. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). "Exceptional circumstances" include the presence of "'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993); see also Purveegiin v. Streiff, 2007 WL 1713353, at *6 (S.D. Ala. June 11, 2007) (noting appointment of counsel is not mandatory except in exceptional circumstances where the complexity of the case or the competence of plaintiff makes *pro se* prosecution of the claim fundamentally unfair); Coburn v. Prichard Police Dep't, 2007 WL 1424528, at *4 n.2 (S.D. Ala. May 11, 2007) (accord).

While Roman, like most other litigants, would undoubtedly be aided by the assistance of counsel, this case does not appear to be so unusual or complex that the appointment of counsel is necessary at this early stage of the proceedings. Additionally, Roman has been granted e-filing privileges with this Court, reducing the "insurmountable barrier to effective litigation" because she does not need to physically come to the Courthouse to file her documents or review filings in this case. (See Doc. 3 at 1; Doc. 7). Accordingly, the undersigned finds that Roman's request for appointment of counsel (Doc. 3) is due to be **DENIED** at

this time. This Order is subject to reconsideration later if the circumstances of the case change.

**IV. Motions for Discovery (Docs. 11, 15, 17)**

Discovery is normally not permitted prior to the Rule 26(f) conference. See Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."). "A court may allow discovery before the Rule 26(f) conference upon a showing of 'good cause.'" Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc., 2008 U.S. Dist. LEXIS 27994, at *3-4, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); see also Nassau Terminals, Inc. v. M/V Bering Sea, 1999 U.S. Dist. LEXIS 23782, at *3, 1999 WL 1293476, at *1 (M.D. Fla. July 1, 1999) ("The moving party . . . must show good cause for departing from the usual discovery procedures."). Here, Roman has not established good cause for her request for early discovery. Accordingly, Roman's motions for early discovery (Docs. 11, 15, 17) are **DENIED.** It follows that Roman's proposed subpoena to Meta Platforms, Inc. (see Doc. 11-1), is also denied as premature at this juncture.

**V. Motion to Substitute Redacted Copies (Doc. 9) and Sealed Motion Regarding Same (Doc. 12)**

Roman seeks to replace two exhibits in her second amended complaint with redacted versions and to seal or restrict public

viewing of the un-redacted versions. Upon closer inspection, the exhibits Roman seeks to substitute are two of four screenshots of what appear to be mobile phone applications attached to her new motion to proceed without prepayment of fees, which she embeds in her second amended complaint at Doc. 8. (Doc. 8 at 4). The exhibits presumably illustrate indigency in support of Roman's motion to proceed without prepayment.

There is a presumption of public access to the records of judicial proceedings in this Circuit. See Callahan v. United Network for Organ Sharing, 17 F.4th 1356, 1358-59 (11th Cir. 2021). That said, the Federal Rules of Civil Procedure provide the following:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). After comparing the exhibits in Doc. 8 to the redacted versions in Doc. 9, the undersigned finds that none of the information Roman redacted qualifies for removal under Rule 5.2(a) nor should the un-redacted versions be restricted from public view. The items redacted appear to be financial

transactions made on two credit or debit cards. Those transactions do not reflect Social Security or taxpayer-identification numbers, birth years, initials of a minor, or financial-account numbers. Accordingly, Roman's motions to substitute her redacted exhibits (Doc. 9) and to seal or restrict from public view her un-redacted exhibits (Doc. 11) are **DENIED.**[3] This Order is subject to reconsideration later if the circumstances of the case change.

**VI. Amended Motion to Communicate Exclusively Via Electronic Mail (Doc. 13)**

Roman requests that all communications to her be via electronic mail due to disruption in her cellular telephone service. The Clerk is directed to amend the docket sheet to reflect that Roman's cellular phone number is no longer operative. Should Roman's cellular phone service be restored, she is directed to file a notice with the Court.

**VII. Conclusion**

In conclusion, the Court orders as follows:

1. Roman is **GRANTED LEAVE** to file, on or before **November 23, 2026,** a third amended complaint.

2. The motions to proceed without prepayment of fees (Doc. 2; Doc. 8 at 2-4) are **DENIED.** Roman is **ORDERED** to refile her

[3] As set forth herein *supra*, Roman is directed to file an amended motion to proceed without prepayment of fees on the Court's form. By utilizing the Court form and providing the information requested in the form, Roman will be relieved of the need to file any supporting exhibits.

motion to proceed without prepayment of fees by **November 23, 2026,** using this Court's current form for a motion to proceed without prepayment of fees.

3. The motion for appointment of counsel (Doc. 3) is **DENIED.**

4. The motions for discovery (Docs. 11, 15, 17) are **DENIED.**

5. The motion to substitute redacted copies (Doc. 9) and the related sealed motion (Doc. 12) are **DENIED.**

6. The Clerk is **DIRECTED** to amend the docket sheet to reflect that Roman's cellular phone number is no longer operative. Should Roman's cellular phone service be restored, she is **DIRECTED** to file a notice with the Court.

7. Roman is **cautioned** that failure to comply with the entirety of this Order within the prescribed time will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

**ORDERED** this **22nd** day of **October, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**